**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JAMES E. CANNON, ID # 1827419,**    ) | |
|             **Petitioner,**                                  ) | |
| **vs.**                                                                     ) | **No. 3:13-CV-1753-L (BH)** |
|                                                                                ) | |
| **ROBERT SHAW, Warden,**                   ) | **Referred to U.S. Magistrate Judge** |
|             **Respondent.**                               ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied with prejudice.

**I. BACKGROUND**

James E. Cannon (Petitioner) challenges his conviction for theft in Cause No. F12-21316. The respondent is Robert Shaw, Warden of the Bradford State Jail, where Petitioner was incarcerated when he filed his petition (Respondent).[1]

**A.    Factual and Procedural History**

On October 24, 2012, the State indicted Petitioner for theft of three cellular telephones on or about October 6, 2012, in Dallas County, Texas, enhanced by two prior felony theft and two prior burglary convictions. (State Habeas Transcript, WR-5,224-11 "S.H.Tr.":24). The State filed a motion to strike the burglary enhancement paragraphs, and on December 20, 2012, Petitioner pled guilty as charged in the indictment pursuant to a plea agreement in Criminal District Court No. 7 of Dallas County, Texas. Following the State's recommendation in the plea agreement, the trial court sentenced Petitioner to nine months in a state jail facility. *Id*. at 28-36. Petitioner did not file a

---

[1] After he filed his federal petition, Petitioner was released from custody. (*See* doc. 17.)

direct appeal.

On February 10, 2013, Petitioner mailed his state habeas application challenging this conviction, in which he asserted the same claims he raises in his federal petition. (S.H.Tr.:8-10, 13.) It was denied by the Court of Criminal Appeals without written order on April 17, 2013. *Id*. at cover. Petitioner mailed his petition for federal habeas relief on April 30, 2013. (Pet. at 10.) Respondent filed a response on July 2, 2013, and provided the state court records. Petitioner filed a reply brief on July 23, 2013.

**B.**     **Substantive Issues**

Petitioner raises the following claims for relief:

–his due process rights were denied, the indictment is void, and the trial court lacked jurisdiction over the case because he was arrested, charged, and arraigned for theft of a blue tooth, phone cover, and screen protector, but was indicted for theft of three cell phones (ground one);

–his trial counsel was ineffective for: (1) permitting him to plead guilty for a "case that never happen[ed]" and failing to object to alleged defects in the indictment; and (2) failing to adequately investigate the case (ground two); and

–the statute under which he was convicted is ambiguous (ground three)

(Pet. at 6; Memorandum at 4-8.)

## II.  AEDPA STANDARD

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court pro-

2

ceedings unless the adjudication of the claim —

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless

3

they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. INDICTMENT

Petitioner asserts that his due process rights were violated, that the indictment is void, and that the trial court lacked jurisdiction over his case because he was charged and arraigned for stealing certain items, but was indicted for stealing others. (Pet. at 7.) The state court denied this ground on its merits. (S.H.Tr.:cover.) This denial is not contrary to federal law.

"The sufficiency of a state indictment is not a matter for federal habeas corpus review unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (1985). The indictment alleged that on or about October 6, 2012, in Dallas County, Texas, Petitioner unlawfully appropriated three cellular telephones without the consent of their owners, Elizabeth Rodriguez and T-Mobile. (S.H.Tr.:24.) The indictment further alleged that Petitioner had two previous theft convictions and two prior felony burglary convictions. *Id*. Under Texas law, an indictment is deemed sufficient if it is handed down by the grand jury of the proper county, names the accused, states that the offense occurred within the jurisdiction of the court, alleges an offense date prior to the indictment and within the statute of limitations, and sets forth the offense in "plain and intelligible words." *See* TEX. CODE CRIM. PROC. ANN. Art. 21.02 (West 2009). Furthermore, under state law, an indictment must charge (1) a person and (2) the commission of an offense, in order to confer jurisdiction on a trial court. *Teal v. State,*

4

230 S.W.3d 172, 179 (Tex. Crim. App. 2007). The indictment against Petitioner met state law requirements for conferring jurisdiction on the trial court.

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is beyond the scope of federal habeas review to review the correctness of the state court's interpretation of state law. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Petitioner has failed to demonstrate that the convicting court had no jurisdiction over his case based on this indictment. Therefore, his first ground for relief is without merit and should be denied.[2]

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner assert that his trial counsel was ineffective prior to his guilty plea by failing to object to alleged deficiencies in the indictment, and for failing to properly investigate the case. This ground was denied on its merits by the state habeas court. (S.H.Tr.:cover.) That denial is not contrary to federal law.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient

---

[2] Petitioner also asserts that the case against him "never happen[ed]." (Mem. at 7.) To the extent that he is asserting that the evidence is insufficient to support his guilty plea, "[n]o federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir.1986), *quoting Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir.1983); *see also Tristan v. Stephens*, 2013 WL 4561331, *3 (N.D.Tex. Aug. 28, 2013) (same). Under Texas state law, a judicial confession is sufficient evidence of guilt in a case in which a defendant enters a guilty plea. *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Petitioner signed a judicial confession in which he stipulated that he was guilty as charged in the indictment. (S.H.Tr.:34.) The evidence is therefore sufficient to support his plea.

performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors. *Id.* at 695-96.

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

Petitioner first contends that his trial attorney was ineffective because he did not object to an indictment that listed stolen items that differed from the items he was initially charged with stealing. He also asserts that counsel was ineffective for failing to investigate the case and mount a defense. (Mem. at 6-7.) As noted earlier, the indictment was sufficient under Texas state law, and therefore not objectionable on that basis. Furthermore, to the extent that Petitioner is asserting that he was guilty of stealing items other those charged, he signed both a judicial confession and a plea

6

agreement in which he swore under oath that he was guilty as charged in the indictment. (S.H.Tr.:30-34.)  Petitioner does not appear to assert that his guilty plea was involuntary, and the record reflects that he signed a detailed plea agreement that set forth the rights he was waiving and a judicial confession.  *See Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that state-court records are accorded "great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that state-court records are entitled to a "presumption of regularity").  Moreover, if defense counsel had objected to the indictment on the basis that it listed the incorrect stolen items, the State was entitled to amend the indictment prior to trial to correct an error in substance, so long as the defense was granted at least ten days' notice if requested.  *See* TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 1985).  Trial counsel was not ineffective for failing to object to the indictment.

In addition, although Petitioner asserts that his attorney was ineffective for failing to conduct an adequate investigation of his case, he does not exlain how further investigation would have benefitted his case.  Conclusory allegations are insufficient to raise a constitutional issue in a federal habeas proceeding.  *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983).  Petitioner has not shown any deficiency on the part of counsel or any prejudice as a result of any alleged failure by counsel. Petitioner's trial counsel did not render ineffective assistance of counsel, and his second ground for relief should be denied.

### V.  AMBIGUOUS STATUTE

Finally, Petitioner asserts that the statute under which he was sentenced is ambiguous. (Mem. at 7-8).  The state court denied this claim on its merits. (S.H.Tr.:cover.)  This denial is not contrary to federal law.

Under the relevant Texas statute, a theft of property worth less than $1500 is a state jail

7

felony if the defendant has two or more previous theft convictions of any amount. *See* TEX. PENAL CODE § 31.03(e)(4) (West 2011). Based on this statute, Petitioner's conviction was classified as a state jail felony because he confessed that he had been previously convicted of theft twice. (S.H.Tr.:34). The Fifth Circuit has previously held that this statute is not unconstitutionally ambiguous so as to render it void because it clearly defines the prohibited conduct and authorizes punishment. *Smallwood v. Johnson*, 73 F.3d 1343, 1351-52 (5th Cir. 1996). This ground is without merit and should be denied.

## VI.  EVIDENTIARY HEARING

Based on the filings in this case and the proceedings held in state court, as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VII.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED on this 23rd day of May, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE